10    In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Respondents, Relative to Acquiring Title to Real Property in the County of Delaware. CLINTON P. TOMPKINS et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered May 4, 1971 in Sullivan County and May 6, 1971 in Delaware County, which denied a motion for an order compelling the Law Department of

the City of New York to present the claims of appellants before Commissioners of Appraisal. When this matter was before us in 1962 (*Matter of Ford* [*Tompkins*], 25 A D 2d 694, affd. 20 N Y 2d 887), we dismissed the case, holding that the January 1, 1956 cut-off date contained in section 44 of the Water Supply Act (N.Y.C. Admin. Code, § K51-44.0), defeated appellants' claims since appellants purchased the property on December 1, 1958, and had failed to obtain an assignment from their grantor. However, in 1970 the Legislature amended section 44 by changing the cut-off date to April 1, 1959, thus creating rights in those who, between January 1, 1956 and April 1, 1959, acquired interests in property which had been or might be damaged by activities in connection with the Cannonsville project. Appellants thus acquired rights and are entitled to have their claims heard. Order reversed, and motion granted, without costs. Herlihy, P. J., Greenblott, Cooke and Sweeney, JJ., concur; Reynolds, J., dissents, and votes to affirm, in the following memorandum: I vote to affirm. These claims were laid to rest in 1962 when the Court of Appeals affirmed *Matter of Ford* (*Tompkins*) (20 N Y 2d 887). In my view the city by that holding acquired vested property rights and the extension voted by the Legislature eight years later cannot and should not revive the claims of appellants.